CHIEF JUSTICE ROBERTSON
delivered the opinion op the court.
The appellees, as real-estate brokers in the city of Louisville, employed by Peter Lorton to sell on commission his house and lot in that city, afterward engaged to sell for the appellant or otherwise dispose of a tract of land owned by him in Indiana, and went to Indiana to examine the land and report a full description of it. On that description Lorton manifested a disposition to exchange his house and lot for the land as equivalents, at the estimate of three thousand five hundred dollars for each. The appellees did not seem to have made any contract of exchange, but procured an interview between their two constituents, who themselves negotiated and concluded the exchange; and the appellees are not shown to have had any other agency in the contract of exchange than what has been just stated, and also in writing the deeds; on *254 the execution of which Lorton paid them the customary per cent, (about one hundred and five dollars), and the appellant made a partial payment of fifty dollars. And in this action against him for the residual claim of fifty-five dollars — which he resisted on the ground that they could not lawfully act as the agent of both parties, and were entitled to compensation from only one of them — he therefore claimed judgment for restitution of the fifty dollars he had paid.
The court below, rejecting the counter-claim, adjudged to-the appellees fifty-five dollars and the costs.
A reversal is urged only on the authority of the case of Lloyd v. Colston & Moore, 5 Bush, 587. But the controlling principle of that case does not apply to the only facts appearing in this case. It does not appear that, as agent of both parties, the appellees negotiated the exchange, and the proof shows that the local custom entitled the appellees to all they charged for what they did. Had they negotiated between the parties, and in any degree thereby influenced them to make the trade, the principle of the case of Lloyd v. Colston & Moore would have applied to this case. But there is no evidence of any such contributory interference. Their charge against the appellant is not therefore shown to conflict with law or public policy, and consequently the judgment for the fifty-five dollars can not be reversed. Nor can the appellant obtain restitution of what he paid; for if, as he charges, the consideration for' that payment was illegal, he, as a party to the illegality, must submit to the wise maxim of our jurisprudence, that the law will not help a party in pari delicto.
Wherefore the entire judgment as rendered is affirmed.