EDWARD B. NEWHALL & another vs. WILLIAM L. PIERCE.

Suffolk. March 12. — September 4, 1874. COLT & ENDICOTT, JJ., absent.

A. employed a broker to sell a house, but afterwards sold it himself to one to whom the broker had furnished information which induced him to make the purchase; and in settling with the broker did not tell him the name of the purchaser. *Held,* that the question whether the not mentioning the name of the purchaser was such a concealment of a material fact as to avoid the settlement was one of fact for the jury.

CONTRACT for commissions on the sale of a house. At the trial in the Superior Court, before *Devens,* J., the following facts appeared : The defendant employed the plaintiffs, who were real estate brokers, to sell a house in Melrose, belonging to him. Afterwards the defendant sold the house to one Andrews, who was a member of the firm of Wadleigh, Spurr & Co. ; and immediately after the sale went to the plaintiffs and told them that he had sold the house to one of the firm of Wadleigh, Spurr & Co., and asked what their charge would be ; they told him that as they had not sold it, they had no charge against him, unless they had advertised it, and as they had not advertised it they had no charge, but he might give them what he chose to ; he gave them ten dollars, and they said that was satisfactory. The plaintiffs introduced evidence tending to show that they had furnished the information which induced Andrews to purchase the house.

The presiding judge instructed the jury " that if, at the time of the settlement, the defendant did not inform the plaintiffs that he had sold the place to Andrews, but did say that he had sold it to one of the firm of Wadleigh, Spurr & Co., of which firm Andrews was a member, and that upon that statement, without the name of Andrews being disclosed, the settlement was made, the plaintiffs would not be bound by the settlement, but might recover the balance." The defendant alleged exceptions to the foregoing instructions.

*R. I. Burbank & R. Lund,* for the defendant.

*O. Stevens,* for the plaintiffs.

DEVENS, J.   There had been between the parties to this cause a conversation in which the plaintiffs, who had been employed by the defendant to sell a house for him, had stated that they had no claim for their services (the actual sale having been made by the defendant himself) ; and the plaintiffs had received from the defendant a small sum for their trouble.   The instruction upon this part of the case was in substance that if at the time of this settlement, as it was called by the parties, the defendant did not inform the plaintiffs of the name of the person to whom he had sold his house, the plaintiffs would not be bound thereby.   The instruction was erroneous in this, that it decided as a question of law that which was properly matter of fact for the jury.   Assuming that the transaction between the parties had been a settlement, as both appear to have regarded it, under proper instructions, it was for the jury to say whether the failure of the defendant to inform the plaintiffs of the name of the party to whom he had sold the house, considering all the circumstances under which it occurred, was such a concealment of a material fact by the defendant, as would entitle the plaintiffs to avoid the settlement as one into which they had been entrapped by him.                                *Exceptions sustained.*