### F. M. GRAVES ET AL. v. BAINS & WOODWARD.
#### No. 6640.

1. **Commissions to Land Agent.**—If an agent be authorized to make a sale of of land and a purchaser is procured by him, he is entitled to his commissions, and it is of no consequence that the owner did not know of the fact and made the sale himself.

2. **Same.**—See facts showing a sale of land to a purchaser procured by the work of an agent.

3. **Agent Employed by Part Owner—Consent.**—See facts where an owner of one-fifth interest in a tract of land employed an agent to sell the land, and facts showing such approval of the agency by the owner of the other interest as to bind him and render both the owners bound to pay commissions for the sale to the agent.

APPEAL from Hamilton. Tried below before Hon. T. L. Nugent.

Appellees brought suit in the Justice Court of Precinct No. 1 of Hamilton County, on the 4th day of February, 1886, against appellants on an account claiming an indebtedness against them in the sum of $175 on account of a sale alleged to have been made by them as agents for appellants of the Haley place off the Green De Witt survey. The amount of such sale was $3500, the amount claimed by appellees being 5 per cent thereof. Appellants recovered judgment in the Justice Court against appellees for costs. Appellees carried the cause to the District Court by appeal. Appellees recovered judgment in the District Court for the sum of $175, with interest at 8 per cent per annum from January 1, 1886, against appellants. The cause was tried before the court without a jury on the 21st of May, 1887. Defendants appealed.

*J. E. Eidson,* for appellants.—1. An agent to sell is not the efficient cause in procuring the sale until he has produced a party who is ready, willing, and able to purchase at the price and on the conditions specified by his principal. Kennedy v. Clark, 1 Ct. App. C. C., 843; Burns v. Hill, 2 Ct. App. C. C., 523.

2. When the principal reserves the right to sell without payment of commissions to the agent, he does not render himself liable to pay commissions to the agent if he sells to a party who has negotiated with the agent in reference to but not completed a purchase of the property. Kennedy v. Clark, 1 Ct. App. C. C., 843; Burns v. Hill, 2 Ct. App. C. C., 523.

3. One joint owner can not appoint an agent for another joint owner without the assent or ratification of such other joint owner. Hanks v. Enloe, 33 Texas, 624.

No brief for appellees.

COLLARD, JUDGE.—Graves engaged the services of Bains, one of a firm of land agents styled Bains & Woodward, to sell the Haley place. About this there is no controversy or conflict in the testimony. There is a conflict in the testimony of Bains and Graves as to the terms upon which the sale was to be made; Bains testifying that he was directed to sell for $3500, one-half cash and one-half on a credit of one year; Graves testifying that he directed the sale to be made for cash, and reserved the right to sell the land himself. The court gave judgment for Bains & Woodward, thus solving the conflict, in so far as it affected the rights of the parties, in favor of Bains.

Graves and Shockley appealed from the judgment and assign errors. The first assignment is that the evidence fails to show that Bains was the efficient cause of the sale.

It has been held that the agent must be the efficient cause of the sale to entitle him to his commissions.    Moses v. Bierling, 31 N. Y., 462; Earp v. Cummings, 54 Pa. St., 394.

It has been held that if the agent is the procuring cause he is entitled to compensation.    Steuart v. Mather, 32 Wis., 344; Leesdorff v. Schmidt, 55 N. Y., 319.

In the latter case cited it is said that if the purchaser is found by the broker's efforts and through his instrumentality he is entitled to compensation, although the owner negotiates the sale himself.    Nor is it indispensable that the purchaser should be introduced to the owner by the broker nor that the broker should be personally acquainted with the purchaser; but in such cases it must appear that the purchaser was induced to apply to the owner through the means employed by the broker.    And again, "if he, the broker, was the producing cause of this sale his right to compensation would not be affected by the circumstance that the defendants were ignorant of it at the time."

In Steuart v. Mather, 32 Wis., 349, the rule is thus stated:  "Where the price or terms of the sale are fixed by the seller, in accordance with which the broker undertakes to produce a purchaser, yet if upon procurement of the broker a purchaser comes with whom the seller negotiates and thereupon voluntarily reduces the price of the thing to be sold, or the quantity, or otherwise changes the terms of sale as proposed to the broker so that the sale is consummated, or terms or conditions offered which the party proposing to buy is ready and agrees to accept, then in either such case the broker will be entitled to his commissions."    See also Newhall v. Pierce, 115 Mass., 457.

If the agent be authorized to make the sale and a purchaser is procured by him, it is of no consequence that the owner did not know the fact and made the sale himself.    Lloyd v. Mathews, 51 N. Y., 124.

After Bains was authorized by Graves to sell the place, he went with Mings, the purchaser, and showed the place to him and told him the terms upon which he could buy, one-half cash and the other half in one year. Mings, the purchaser, agreed to the terms provided he could get Graves to allow him an account of $200 held by him against Graves as part payment of the purchase price.    Bains did not know of Shockley's interest in the land.    Mings then went from Gatesville, his residence, to Hamilton to see Graves, when the trade was closed, the latter agreeing to allow the account; that is, it was closed subject to the approval of Shockley, who was a part owner of the property.    Shockley agreed and the deed passed.

Thus we see that Bains procured the purchaser—began the negotiations which were afterwards finally consummated by the owners and the purchaser.    His services as agent brought about the sale, and such services were the efficient cause of it.    It does not appear that Mings informed

Graves of the negotiations with Bains, but that was immaterial; it was not essential that he should know it to entitle the agent to his commissions. The change made in the terms of the sale could not, as we have seen, affect the agent's rights.

Appellants contend that the preponderance of the evidence shows that Graves instructed Bains to sell for cash. We do not find that it does, but if it did it makes no difference.

It is also contended that Graves reserved the right to sell himself. It may be conceded that this is true, yet the principle would still apply that if Bains was the procuring cause of the sale he would be entitled to his commissions.

The last assignment of error is, "The judgment of the court as to defendant Shockley is not supported by the evidence, because it fails to show that he employed plaintiffs or either of them to sell the place, or that Shockley authorized Graves to employ them or either of them to make the sale, or that he ever ratified or knew of any employment of plaintiffs to sell the place by Graves in a way that would bind him."

Graves owned one-fifth and Shockley owned four-fifths of the property. It was in proof that Shockley did not employ Bains & Woodward or either of them to sell the place, or authorized Graves to sell his part of it. Shockley testified that he knew nothing of a contract made by Graves with Bains & Woodward except what Graves told him at Gatesville when they went there to negotiate a sale of the place to D. W. Squires. At that time he says Graves told him that he had authorized Bains to sell the place for $3500, but had reserved the right to themselves to sell it without having to pay commissions. After the deed was drawn up the parties went to the clerk's office to acknowledge it. It was there signed and acknowledged. As they were about to go out Woodward informed Graves in Shockley's presence that he owed him commissions. Graves asked him who he was and for what did he owe him commissions. Woodward replied, giving his name, and stating he was one of the firm of Bains & Woodward, and that he, Graves, owed the firm commissions for selling the land. Graves replied that he had sold the land himself, and then told Mings, who was present, that if any commissions were taken out of the price he would take the papers back and rescind the transaction. Mings said he would pay Graves the money, and gave him a check on the Gatesville bank. Shockley testified that he would not have made the sale for less than the amount he received.

Now we see that when he was informed of the employment of Bains to sell the land he did not object to it or repudiate it. He acquiesced in it. His conduct was equivalent to an affirmance of the contract. He accepted the proceeds of the sale after notice that Bains had under such agreement made the sale, thus before the sale was completed adopting it with knowledge of the facts. We think his acquiescence in the employment of Bains

when informed of it bound him by the agreement, and we think his accept-
ance of the service and its fruits with knowledge of the facts, having so
acquiesced, bound him to pay for such service the reasonable value thereof.
Ewell's Evans on Agency, top p. 94, and note.

Our opinion is the judgment ought to be affirmed.

*Affirmed.*

Adopted June 24, 1890.