### CLARK v. GOLDBERG. (No. 3513.)

Court of Civil Appeals of Texas. Texarkana. Feb. 23, 1928.

Rehearing Denied Feb. 27, 1928.

**1. Appeal and error ⬤⇒931(1)—Reviewing court will assume appellee's evidence was accepted as true, in absence of findings of fact and conclusions of law.**

Where, on appeal, no findings of fact and conclusions of law are filed, reviewing court will assume that trial court accepted as true the evidence adduced by appellee.

**2. Brokers ⬤⇒54—Broker employed to sell realty held to have earned commission on finding buyer ready, able, and willing to purchase at price named.**

Where broker was employed to sell real estate, *held*, in suit for commission after owner had refused to complete transaction and pay commission, that broker had earned, and was entitled to, commission on his finding a buyer who was ready, able, and willing to pay price named, since he had no power actually to sell, though his power had been so expressed.

**3. Brokers ⬤⇒74—Employer held liable for commission on broker's procuring purchaser, whether employer personally assumed liability or was joint owner acting as co-owners' agent.**

In action by broker for commission on his procuring a purchaser ready, able, and willing to buy at the seller's price, broker *held* entitled to commission though the employer had refused to complete the transaction, whether such broker had personally agreed to be responsible for the commission or whether he was only a joint owner of the property and was acting as agent for the co-owners, since even in the latter event he would be jointly and severally liable with the co-owners for the commission earned.

Appeal from County Court, Harrison County; John W. Scott, Judge.

Action by N. D. Goldberg against Heartsill Clark. Judgment for plaintiff, and defendant appeals. Affirmed.

Hobart Key and Barrett Gibson, both of Marshall, for appellant.

G. L. Huffman, of Marshall, for appellee.

HODGES, J. The appellee sued the appellant to recover the sum of $400 as commission claimed for selling a tract of land. The trial was before the court, and a judgment was rendered for the amount sued for.

[1] The principal complaint in this appeal is that the evidence does not support the

---

judgment. No findings of fact and conclusions of law were filed, and it must be assumed that the trial court accepted as true the evidence adduced by the appellee. According to the appellee's testimony, he was employed by the appellant, Clark, to sell a tract of 70 acres of land situated near Marshall, Tex. The price agreed on was $8,200 and out of that the appellant agreed to pay appellee a commission of $400. A few weeks later appellee found a purchaser who was ready, able, and willing to take the land at the price above named. When that fact was made known by the appellee to the appellant, the latter refused to sell, stating that he had changed his mind. The reason he gave was that he could get more for the land by subdividing it and selling the lots. He refused to pay appellee the commission claimed, and this suit followed.

[2] It is contended that appellee's contract was to sell the land, and not simply to find a purchaser. Clearly, no such terms could be implied in the agreement relied upon. Since appellee had no power to sell and could do no more than find a purchaser who was ready, able, and willing to purchase upon the terms offered, that was the limit of what he undertook to do. The evidence justified the court in concluding that this had been done.

[3] It is also contended that appellant was only a joint owner of the land and was acting as the agent for his co-owners, and for that reason was not bound for the entire amount of the commission. Appellee testified that appellant personally agreed to pay the commission in the event the sale was made, and that he looked to the appellant alone for his commission. If that testimony be true, the appellant was liable for the entire commission. Even if he had made a contract as a joint owner, he would still be jointly and severally liable with the others for the commission earned. Davis v. Willis, 47 Tex. 154. The failure to complete the sale was on the unqualified refusal of the appellant to convey the land. He could not, by such conduct, defeat the right of the agent to the full amount of his commission.

The judgment is affirmed.