## HOLLUMS v. HANCOCK.

### No. 5629.

Court of Civil Appeals of Texas. Amarillo.

April 17, 1944.

Rehearing Denied May 15, 1944.

W. E. Grimes, of Floydada, for appellant.

Richard F. Stovall, of Floydada, for appellee.

HEARE, Justice.

Appellant sued appellee for $160, commissions alleged to have been earned by appellant in securing a purchaser ready, able, and willing to buy 160 acres of land owned by appellee and others, for whom he was alleged to be acting as agent. The transactions out of which the case arose all occurred, and the suit was filed, before the effective date of "The Real Estate Dealers License Act," Title 113A, Article 6573a, Vernon's Annotated Civil Statutes. The case was first tried in the justice court, then after one trial on appeal in the county court in which the jury could not agree, a second trial was had before a jury which reported hopeless deadlock. The court thereupon discharged the jury and, in effect, sustained appellee's motion for an instructed verdict, which had been timely presented, and entered judgment in his favor that appellant take nothing.

Appellant contends that, in a long distance telephone conversation, he was authorized by appellee to sell the land in question for $25 per acre, plus $160, commission which was to be paid appellant for his services; that he was also authorized to execute a sales contract binding the trade and to sign appellee's name thereto by himself as agent; that pursuant to said employment and authority he arranged a sale of the land to J. N. Bartlett and in behalf of his principal executed with Bartlett

a written contract of purchase and sale of the land; that appellee later came to Floydada, inspected the sales contract, ratified its terms, and ordered the abstract to the land to be supplemented to date; that thereafter appellee refused to complete the trade and it failed of consummation due to the fault of appellee.

Appellee's version of the matter was, in effect, that appellant called him by telephone at Tucumcari, New Mexico, saying appellant had an offer of $26 per acre for the land and would charge appellee $1 per acre commission for making the sale; that he told appellant the place was listed with other real estate dealers at $30 per acre with reservation of 1/16 mineral rights; that any change from that would have to be agreed upon by the other heirs who had an interest in the land. He denied ratifying the purchase and sale contract which appellant claims was shown to him in the Hollums abstract office on the occasion of his trip to Floydada and denied that it was, in fact, a contract but contended that the instrument which was exhibited to him was merely a typed memorandum of the terms on which Bartlett would buy the land and that the same was not signed by anyone. He testified that the terms as set out in said memorandum were not satisfactory to him in that they did not provide for a price of $30 per acre, made no mineral reservations, and provided that part of the purchase money would be represented by a note instead of calling for all cash. The abstract was ordered, according to his testimony, in connection with the closing of the administration of the estate, of which the land was a part.

The question for determination is whether or not there was sufficient evidence in support of appellant's contentions to require the submission of the controlling issues to the jury.

■ The rule governing this case is that if a broker be employed by the owner to sell property and finds a purchaser who is ready, able, and willing to buy on the terms designated by the owner, or even on terms that are later ratified as satisfactory by the owner though different from the terms originally demanded, and the owner later refuses to complete the trade, the broker is still entitled to his commission from the owner. West Realty & Investment Co. v. Hite, Tex.Com.App., 283 S.W. 481; Cooper v. Newsom, Tex.Civ.App., 224 S.W. 568.

■ It follows, therefore, that if it appeared that appellant was authorized by appellee to find a purchaser for the land and pursuant thereto procured the execution of a purchase and sale agreement, with a purchaser ready, able, and willing to buy, even though the terms of the sale were different from those originally named by appellee, and even though appellant did not have authority at the time of his signing the contract to sign the name of appellee thereto, yet that appellee later read and approved the terms of the sales contract, the appellant would have earned his commission. This would be the case just as surely as though he had been originally authorized to sign appellee's name to the contract and the contract had been in the exact terms originally authorized by appellee. Graves v. Baines, 78 Tex. 92, 14 S.W. 256; Adams v. Brown, Tex.Civ.App., 25 S.W.2d 879.

■ We are of the opinion that the evidence is sufficient to raise the fact issues thus involved. Appellant testified that appellee "was reading the contract when I came in * * *" and "He said it was all right and to go ahead and fix the papers." Mrs. Hollums testified that appellee came in the abstract office with Arel Rainer, that she handed them the contract in question and that "they stood there and read the contract, both of them"; that after they had read the contract "Mr. Hancock said, 'Seems to be all right, might as well go ahead and prepare the abstract and fix up the deed.'" There is other testimony in the record which a jury could take as corroborative of this contention. Suffice it to say, the pleadings and the evidence are sufficient to raise jury issues in favor of appellant and he is entitled to have a determination of them by a jury or fact-finding court. In the absence of such determination, the trial court was not warranted in entering the judgment in favor of appellee that the appellant take nothing by his suit.

The judgment is reversed and the cause is remanded for a new trial.

On Motion for Rehearing.

■■ The appellee asserts in his motion for rehearing that by our original opinion we have relieved the appellant of the necessity of proving that he was the "procuring cause" in the finding of a purchaser ready, able, and willing to purchase the land in question. Our opinion should not

211

be so interpreted. It is, of course, incumbent upon the appellant as plaintiff to establish that he was the "procuring cause" in the instant transaction. Without expressing an opinion on the evidence, we believe this issue was raised by the evidence and should have been passed on by the jury under appropriate instructions.

Appellee asserts that we have failed to pass on the question of whether or not the appellee had the authority to authorize anyone to sell the land or enter into a purchase and sale contract for the sale of the land when the record shows that the land in controversy was owned by the Hancock heirs. The appellee was one of the heirs and, as such, owned an interest in the land. This suit is against one of the joint owners, and not against any of those for whom the appellant alleges the appellee purported to act as agent. It is a well settled rule of law that a joint owner employing a broker to sell land in which he has an interest may become liable for the payment of the entire amount of broker's commissions. Priddy v. Childers, Tex. Civ.App., 248 S.W. 144; Clark v. Goldberg, Tex.Civ.App., 3 S.W.2d 920; Settegast v. Timmins, Tex.Civ.App., 6 S.W.2d 425. See 12 C.J.S., Brokers, p. 178, § 82; 9 C.J. 585, note 90.

The motion for rehearing is overruled.