### MOORE v. J. N. JOHNSON LAND CO.

(Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1912.)

1. APPEAL AND ERROR (§ 934*)—FINDINGS—CONCLUSIVENESS.

Where there are no findings of fact and conclusions in a case tried by the court, and there is sufficient testimony to support the judgment, the court, on appeal, will not reverse the judgment for insufficiency of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

2. BROKERS (§ 86*)—COMPENSATION—WHEN EARNED.

Evidence held to support a finding that a broker employed to sell real estate was the procuring cause of a purchase of part of the premises under a contract with the owner, authorizing a recovery of the commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

3. BROKERS (§ 86*)—COMMISSIONS—AGENCY.

Evidence held to support a finding that a broker employed to procure a purchaser was not the agent of the purchaser obtained, and he could be barred from commissions under the rule that a broker attempting to collect commissions from both parties to a transaction may not collect from either.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Dallam County Court; C. S. Harrington, Judge.

Action by the J. N. Johnson Land Company against R. L. Moore. From a judgment for plaintiff, defendant appeals. Affirmed.

W. W. Moore, for appellant. W. B. Chauncey, for appellee.

---

HALL, J. Appellees, a partnership, plaintiffs in the court below, sued defendant to recover 5 per cent. commission alleged to be due them as real estate brokers, basing their right to recover upon the fact that they procured one I. O. Williams, to whom defendant disposed of his land upon satisfactory terms. Plaintiffs allege that, under their contract with defendant, they were employed to sell or trade the property in question at a valuation of $3,000 in cash or in trade. There was judgment for plaintiff in both the justice and the county court for $150, and the controversy is before us on two assignments of error. The first is to the insufficiency of the evidence to sustain the judgment. The cause was tried before the county judge without the intervention of a jury. The defendant, appellant in this court, did not testify. The appellees and the purchaser, I. O. Williams, were the only witnesses, and a careful review of their testimony leads us to the conclusion that there is evidence sufficient in the record to support the judgment.

[1] There are no findings and conclusions in the record, and the rule is that, if there is sufficient testimony to support the judgment, this court is precluded from reversing it upon that ground.

[2] The principal contention of appellees under the first assignment is that because appellant listed the property in October, 1909, with appellees, and the purchaser found by appellees at that time did not close the deal for the property until the following February or March, and, until after appellant had left the state of Texas and returned, the appellees were not entitled to recover. The testimony of the purchaser, Williams, is that after he had looked over the defendant's property and the defendant had inspected witness' property a proposition was made by Moore to trade Moore's property for witness' property, witness to pay Moore $500 cash, or to trade two of the lots even for the lands, neither of which witness was willing to do, and on the following day Moore left for Colorado, and nothing further was said about the deal until Moore's return to Dalhart about four months later, at which time the witness met Moore on the street and asked him if he had decided to trade witness his place, to which Moore replied, if he could sell the north half of lot 4, that he would trade his house and the 2½ lots remaining for witness' land. It further appears that Moore did sell the north half of lot 4 for $250, and closed the deal with witness for the remaining 2½ lots, shown to be worth $3,000. It is undisputed that appellees had nothing whatever to do with the matter after the return of appellant from Colorado. It is further undisputed that appellees first spoke to the purchaser about appellant's farm at the time appellant inspected it. It is nowhere made to appear that appellant ever canceled the brokerage contract made with appellees. This testimony is sufficient to sustain the judgment of the court, which is, in effect, that the appellees were the procuring cause of the sale. The fact that the sale is not closed at once or even on different terms from those originally given to the broker is not sufficient to defeat the broker's commission. Graves v. Baines, 78 Tex. 92, 14 S. W. 256; Shelton v. Cain, 136 S. W. 1155; Hancock v. Stacy, 125 S. W. 884. Appellant's offer at the beginning to trade two only of the lots for the land negatives the idea that it was contemplated that appellees should dispose of the three lots as an entirety before they were entitled to the commission under the terms of the contract. The purchaser in this case was the customer of the appellees, and, while he did not finally get all of the lots for which he began to negotiate, he took the remaining portion at a price satisfactory to appellant.

[3] The remaining assignment of error is based upon the proposition that a real estate broker who attempts to collect commissions from both parties to a transaction will not be permitted to collect from either. As a rule of law the proposition is sound, since the broker is required to use the utmost good faith toward his principal. The testimony of appellees upon this issue is that, while Williams offered to give appellees 50 cents an acre if they could exchange his land for even three of appellant's lots, they did not accept his offer, and the testimony of Williams is that on the night he went with R. L. Moore to appellees' office he thought appellees were expecting him to pay them a commission, but, after reaching the office, appellees told defendant that he was the one they were representing, and they had no claim whatever against the witness, as he did not have his land listed with them for sale, and as they did not represent him in the matter, but were representing appellant. The court having found against appellant upon this issue also, and the evidence being sufficient to support a judgment upon such issue, we are not permitted to disturb it.

The assignments of error are therefore overruled, and the judgment affirmed.