### HUNTER v. LYONS.

(Court of Civil Appeals of Texas. El Paso. Feb. 15, 1912.)

1. Brokers (§ 67*)—Compensation — Misconduct of Broker—Representing Both Parties.

While, where a broker contracts for commission from both parties to a trade, he can generally recover from neither, on the ground that public policy prohibits such a violation of the fiduciary relation, where both of the principals knew of and assented to such double commission, it may be enforced.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52-54; Dec. Dig. § 67.*]

2. Brokers (§ 74*) — Compensation — Misconduct of Broker—Representing Both Parties.

Where both parties to a trade knew of and assented to contracts by the broker for commissions from both of them, and he was the efficient cause of the trade, upon a refusal by one of the parties to perform, the broker may recover from him, not only the commission which he contracted to pay, but also that which he would otherwise have received from the opposite party.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 74.*]

3. Pleading (§ 406*)—Joinder — Contract and Tort—Failure to Object.

A court may consider a cause in which actions in contract and tort are joined, in the absence of any objection to the joinder.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355-1359; Dec. Dig. § 406.*]

4. Brokers (§ 74*) — Compensation — Misconduct of Broker—Representing Both Parties.

Where a party to a contract knew that the broker negotiating the deal would secure a commission from the opposite party as well as himself, his liability, upon a refusal to perform, for the amount which the broker would have received from the opposite party, is not dependent upon his knowledge of the exact amount to which the broker would have been entitled.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 74.*]

Appeal from Callahan County Court; C. D. Russell, Judge.

Action by S. D. Hunter against Y. M. Lyons. From a judgment for defendant, plaintiff appeals. Reversed.

Kirby & Davidson, for appellant. F. S. Bell, for appellee.

PETICOLAS, C. J. This was a suit in which Hunter sued Lyons, alleging that he had been employed by one Westbrook to sell or exchange a stock of goods, and had been employed by Lyons to sell or exchange a tract of land. In the event of an exchange for either of these parties, he was to be paid 2½ per cent. commission by his principal. He alleged that he was the efficient cause of a consummated agreement to exchange the said stock of goods for the said tract of land, and that it was known to both of his principals that he was to be paid a commission by each party. The testimony tended to show that each principal knew that Hunter was to get a commission from both parties. It also tended to show a consummation of the trade, and there was sufficient testimony to raise the issue whether or not the failure to carry out the trade was due to the fault of Lyons or Westbrook.

As the case will be reversed, we do not think it necessary to comment upon but one assignment of error. The appellant complains of this paragraph of the court's charge: "You are instructed that when one engages another as his agent to sell or purchase certain property, for which service said agent is to receive a commission, and the agent negotiates the sale or purchase, on the terms agreed upon by his principal, and his principal fails or refuses to carry out and consummate the same, he (the principal) is liable to such agent in an amount equal to the commission such agent would have received had the principal carried out the contract negotiated by such agent, provided *the principal knew the amount of such commission.*" It is contended that this charge was erroneous in that it required .Lyons to have known

the amount of the commission to be paid by Westbrook before he could be liable therefor.

This case is greatly complicated by the fact that the suit is against Lyons for loss of the commission to be paid by him, and also for the loss of the commission that would have been paid by Westbrook. Had Westbrook been made a party defendant, the issues raised would have been much simpler. It is further complicated by the fact that no exception was taken to plaintiff's action in combining in one suit an action for breach of contract against Lyons for the commission to be paid by him, and an action against Lyons for the commission to be paid by Westbrook which, in our judgment, sounds in tort.

[1] It is generally the rule that, where an agent contracts for commission from both parties to a trade, he can recover from neither, upon the theory that it is against public policy to allow him to so violate his fiduciary relations to each of them. There is an exception to this rule of law, which seems to be authoritatively in force in this state, to the effect that if both of the principals know of, and assent to, such double commission, the same may be validly enforced. Shropshire v. Adams, 40 Tex. Civ. App. 339, 89 S. W. 448.

[2] We are of opinion, also, that in this instance, if the jury believed that both principals knew that a commission was to be paid to Hunter by each of them, and assented thereto, and if, in fact, he was the efficient cause of an agreed trade, and if, in fact, Lyons, without legal excuse, failed to carry out such trade, he could, in law, be liable, not only for the commission which he had contracted to pay Hunter, but also for the commission which Hunter thereby lost and which he would otherwise have received from Westbrook. Equitable Mortg. Co. v. Thorn, 26 S. W. 276.

[3, 4] But we incline to the opinion, although we do not so hold, that Hunter's action against Lyons for the commission Lyons had contracted to pay was for breach of contract, while Hunter's action against Lyons for the commission that he would otherwise have received from Westbrook was for damages sounding in tort, and that two such actions cannot be joined in one suit; but, no exception having been addressed to this condition of affairs by the defendant, it is apparent that the court had sufficient potential jurisdiction to consider them, and as it was not a necessary ingredient of such a case that Lyons should have known the amount of commission Westbrook was to pay Hunter if the trade was effected, but was sufficient to charge him with liability if he knew and consented to Westbrook's paying some commission, it follows that the giving of the charge indicated was erroneous.

Appellant seems not to have asked a charge correcting the erroneous portion of the court's charge; but, as it was affirmatively erroneous, we are of the opinion that the case should be reversed.