KANSAS CITY, M. & O. RY. CO. OF TEXAS v. POPE et al.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 1, 1913.)

DEATH (§ 57*)—PLEADING—PROOF—VARIANCE.
Where the petition in an action by a widow for herself and her children to recover for her husband's negligent death alleged a cause of action under the state statutes relating to intrastate carriers' liability for negligent death, proof that the carrier was engaged in interstate commerce at the time would not support the petition.
[Ed. Note.—For other cases, see Death, Cent. Dig. § 74; Dec. Dig. § 57.*]

On motion for rehearing. Motion overruled.

For former opinion, see 152 S. W. 185.

SPEER, J. On December 14, 1912, we overruled appellees' motion for a rehearing, but on January 11th thereafter we set aside that order upon the oral suggestion of appellees' counsel that the question of law upon which we had reversed the case had very recently been decided contrary to our holding by the Supreme Court of the United States in the case of Missouri, Kansas & Texas Railway Co. v. Sallie C. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. ——. We have awaited that decision, and now have before us a copy of the opinion. In that case it seems that Sallie C. Wulf in her individual capacity commenced the action January 23, 1909, in the Circuit Court of the United States for the Eastern District of Texas to recover damages by reason of the death of her son, Fred S. Wulf, alleging that she was the sole heir and next of kin of the deceased, that there had been no administration of his estate, and that none was necessary. More than two years thereafter she filed her first amended original petition, alleging that on January 4, 1911, she had been appointed temporary administratrix of the deceased's es-

tate, and to the contention of the railroad company that the cause of action by the legal representatives under the federal statute was barred by the statute of limitations the Supreme Court, through Mr. Justice Pitney, says: "It seems to us, however, that, aside from the capacity in which the plaintiff assumed to bring her action, there is no substantial difference between the original and amended petitions. In the former, as in the latter, it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; that his death resulted from the negligence of the company, and by reason of defects in one of its locomotive engines due to its negligence; and that since the deceased died unmarried and childless the plaintiff, as his sole surviving parent, was the sole beneficiary of the action. It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of Congress. But the court was presumed to be cognizant of the enactment of the Employer's Liability Act, and to know that with respect to the responsibility of interstate carriers by railroad to their employés injured in such commerce after its enactment it had the effect of superseding state laws upon the subject. Second Employer's Liability Cases, 223 U. S. 1, 53 [32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44]. Therefore the pleader was not required to refer to the federal act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done. * * * Nor do we think it was equivalent to the commencement of a new action, so as to render it subject to the two year's limitation prescribed by section 6 of the Employer's Liability Act [Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1324)]. The change was in a form rather than a substance. Stewart v. Baltimore & O. R. R. Co., 168 U. S. 445 [18 Sup. Ct. 105, 42 L. Ed. 537]. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit." The Supreme Court ruled against the plea of limitations and affirmed the judgment permitting the plaintiff to prosecute in her capacity of personal representative. As bearing more pertinently, however, upon the precise question ruled by us in this case, we quote further from the opinion: "It is true that, under the federal statute, the plaintiff could not, although sole beneficiary, maintain the action, except as personal representative. So it was held in American Railroad Co. v. Birch, 224 U. S. 547 [32 Sup. Ct. 603, 56 L. Ed. 879]." We quote thus at length from the opinion in the Wulf Case since we construe it in effect to uphold our former de-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

cision, and also as authority for the proposition hereafter set forth held by a majority of us, which of itself further necessitates a reversal of the judgment herein. Since the enactment of the federal Employer's Liability Act we have in force in this state two statutes covering the subject of liability of common carriers by railroad for negligently causing the death of a person. The federal act applies to those cases of common carriers by railroad "while engaged in commerce between any of the several states or territories," while the state act applies to those engaged wholly in intrastate commerce. Now the appellees' petition, which is very voluminous, apparently studiously avoids any reference whatever to the fact that appellant company at the time it caused the death of deceased was engaged in commerce between the states. On the contrary, it makes a perfect case as against all exceptions of liability under the state statutes. As it alleged a provable case under the latter statute, upon proper testimony the plaintiff undoubtedly would have been entitled to a judgment with apportionment to the several beneficiaries under that statute as she prayed. But, as pointed out in the original opinion, the proof shows a case of interstate commerce, and therefore supports a case not made by the petition. No judgment other than one for the defendant could have been rendered since the case pleaded was not proved, and the case proved was not pleaded. Chief Justice CONNER expresses no opinion on this last question, since our former conclusion, in which all concur, necessarily calls for a reversal of the judgment as was previously ordered, and he does not wish to be understood as in any way indicating that the plaintiff's petition herein is not broad enough to bring the case within that of Railway v. Wulf, supra, on the issue of limitation should that question ever be presented.

The motion for rehearing is overruled.