BURGHER & CO. v. CANTER et al.
(No. 7647.)

(Court of Civil Appeals of Texas. Dallas. Dec. 23, 1916.)

1. BROKERS ⊜57(1)—COMMISSION—PERFORMANCE OF CONTRACT.

Where real estate agents agreed in writing, in consideration of a commission on the rents to be collected, to secure, for a tenant of a storehouse, subtenants of part of the premises for the full term of 5 years, but in fact secured tenants only for a period of 4 years and 11 months, they could not recover commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. ⊜57(1).]

2. FRAUDS, STATUTE OF ⊜131(1)—MODIFICATION BY PAROL.

Under the statute of frauds (Vernon's Sayles' Ann. Civ. St. 1914, art. 3965, subd. 5) as to agreements not to be performed within one year, such agreement, contemplating a 5-year term, could not be modified by a parol agreement to waive full 5-year leases by subtenants, and accept leases for 4 years and 11 months, since, in the absence of ambiguity or claims of equity, a written contract within the statute cannot be modified by parol.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 283; Dec. Dig. ⊜131(1).]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Burgher & Co. against A. R. Canter and others. From judgment for defendants, plaintiffs appeal. Affirmed.

Wood & Wood and J. E. Gilbert, all of Dallas, for appellants. Muse & Muse, of Dallas, for appellees.

RASBURY, J. On October 23, 1914, appellants and appellees entered into a preliminary agreement in writing for the leasing of a lot and storehouse thereon, in the city of Dallas, to appellees, for which appellants were authorized agents. Appellees, in substance, agreed to lease the lot and storehouse for five years from January 1, 1915, paying therefor $800 per month, and to furnish security for such payment satisfactory to the owners, and to ultimately execute a formal lease, such as were then commonly in use in the city of Dallas.

Appellants, for the owners, agreed to secure for appellees by November 15, 1914, three subtenants for as many subdivisions of the storehouse, who would pay an average of $400 per month therefor for the term of appellees' lease; any improvements necessary for such subtenants to be made by appellees. Appellees also appointed appellants their agents to collect the rent from the subtenants, and agreed to pay as compensation for such services 3 per cent. of all rentals so collected.

Subsequent to the execution of the foregoing preliminary agreement to lease, appellants sued appellees, alleging in substance a compliance on their part with the agreement, and a repudiation thereof by appellees, and consequent damage to them, to be measured by the total amount of the compensation which they would have received, had appellees not repudiated the agreement, or the sum of $708.

A number of defenses were urged by appellees, which were in various ways met by appellants, none of which it will be necessary to detail, in view of the conclusion we have reached in the case. The issues of fact raised by the evidence were submitted to the jury upon special issues, or interrogatories, some of which were answered and some not. Appellants, by appropriate motion, sought to have the result declared a mistrial, while appellees by like motion sought judgment in their behalf. Appellees' motion was sustained, and judgment for appellees rendered.

[1, 2] Appellants present assignments challenging the court's action in submitting certain special issues, in rendering judgment on the jury's findings, and in refusing to declare a mistrial upon the failure of the jury to answer several material interrogatories. We have concluded that the judgment of the court, without reference to the appellants' assignments, and without reference to the failure of the jury to answer some of the issues, and without reference to the grounds upon which the court based its judgment is for other controlling reasons correct, and being so, should be affirmed. The jury found, in answer to special issues submitted by appellants that appellees were to have possession of the storehouse January 1, 1915, and that appellees accepted the provision of the preliminary agreement we have stated. There really was no necessity for submitting such issues to the jury, since they were established without dispute by the contract, and arose thereon as matter of law. In any event, both by the finding of the jury and by the terms of the contract, appellees were bound to accept, and appellants to deliver, possession of the storehouse January 1, 1915. It was then as a consequence incumbent upon appellants to secure for appellees subtenants for the enumerated subdivisions of the storehouse for a term of 5 years beginning January 1,

1915. This by the undisputed testimony they did not do. On the contrary, assuming that those subtenants which the testimony of appellants tends to show they secured were in other respects in compliance with the preliminary agreement, it appears that all subtenants secured by appellants only agreed to lease the subdivisions of the storehouse for a period of 4 years and .11 months at $400 per month, which was not a compliance with appellants' covenant that they would secure tenants who would pay that sum for the full term of 5 years. But appellants, by appropriate pleading, alleged that appellees waived or modified that provision of the preliminary agreement, and agreed to accept all subtenants from February 1, 1915, due to the fact that it would require about. 30 days to make the improvements required by the subtenants. The jury found that it would require 30 days to make the improvements required by the subtenants. They failed to answer an interrogatory, submitted by appellants, inquiring whether appellees agreed to accept such subtenants, beginning February 1, 1915. On that issue the only testimony adduced was that of the witness Rupe, who on direct examination, testified that appellees, in the presence of Weiss, one of the proposed subtenants, and the witness, agreed that as soon as the necessary repairs were made Weiss could move in and start his rent February 1st. On cross-examination the witness said that the effect of the statements of appellees was that the tenants could move in after repairs were made and start their rental from February 1st.

We would be inclined to hold that, in the absence of any testimony disclosing an express consideration for such modification of the contract, the probative force of such testimony was insufficient to support a finding that the lease had in so material a respect been modified. However, it is not necessary to base our holding on such ground. We conclude, conceding, for the purpose of the discussion, the agreement to modify, that such agreement, being in parol, is ineffectual, because within the statute of frauds. Where the original written contract is within the statute, that is, one required by such statute to be evidenced or proved by writing, the current of authority is to the effect that, in the absence of ambiguity, or considerations or claims of equity, it cannot be modified by concurrent, collateral, or subsequent agreement resting in parol. The foregoing is nearly the language of an eminent author on the subject. 3 Elliott, Contracts, 7, § 1862. Our statute declares that no action may be maintained in the courts of the state "upon any agreement which is not to be performed within the space of one year from the making thereof," unless the promise or agreement, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized. Vernon's Sayles' Civ. Stats. art. 3965, subd. 5. The preliminary agreement for leasing, as we have stated, contemplated a term of five years, and the parol agreement, which sought to modify, came within the prohibition of the statute, since it sought to ingraft upon the original agreement a material change over its entire life of five years. A case in point is Beard v. Gooch & Son, 62 Tex. Civ. App. 69, 130 S. W. 1022. We conclude, then, that appellants having covenanted to secure for appellees subtenants for the full term of the proposed lease who would pay as much as $400 per month, and having failed to do so, and the alleged parol agreement modifying same being ineffectual, because within the statute of frauds, all other questions become immaterial, for the reason that appellants would in no event be entitled to recover, in the absence of a showing that they had secured the subtenants for the period agreed upon.

The judgment is affirmed.