## J. M. LANHAM v. J. T. COCKRELL.

No. 2508.    Decided May 9, 1917.

**1.—Agency—Exchange of Lands—Commission.**

A broker seeking recovery of his commissions for effecting an agreement for exchange of lands between his principal and another, which was not carried out, must show that the minds of the parties met and that they concluded a contract capable of enforcement. This includes not only the agreement to exchange, but all the terms of such exchange. (P. 406.)

**2.—Same—Case Stated.**

An exchange of land was verbally agreed on between the principal and a purchaser secured by his agent for that purpose. This involved the respective assumption of existing encumbrances of unequal amounts, and the payment of, or securing, the difference in such amounts by the purchaser. The exchange was not made, because the parties, on meeting to consummate their contract, differed as to the terms, the principal claiming that he was to receive the difference in cash, and the purchaser that it was to be secured by a vendor's lien on the land to be conveyed to him. Held that the agent was not entitled to recover

his commission, not having presented a purchaser willing to take the land on the seller's terms. (Pp. 405, 406.)

### 3.—Same—Enforceable Agreement—Charge.

A verbal agreement for the sale of land not being enforceable, the vendor's broker is not entitled to his commission for procuring such contract, where the parties, differing in what they claimed to be the terms of the verbal understanding, refused to consummate it by a written agreement acceptable to both. See charge on this subject held not erroneous. (P. 406.)

Error to the Court of Civil Appeals for the Second District in an appeal from Baylor County.

Lanham sued Cockrell, and obtained a writ of error on the affirmance. on his appeal, of a judgment for defendant.

*A. H. Carrigan* and *Fred W. Householder,* for plaintiff in error.— A broker is entitled to compensation when he procures a purchaser with whom his principal is satisfied, and a contract for exchange is made. Conkling v. Krakauer, 70 Texas, 739; Gibson v. Gray, 17 Texas Civ. App., 646, 43 S. W., 925; Culpepper v. Railway Co., 90 Texas, 627; Brackenridge v. Claridge, 91 Texas, 527; Cleveland v. Williams, 29 Texas, 204; 19 Cyc., 265, 266, and note 72.

The court erred in submitting to the jury as part of the law in this case defendant's special requested charge No. 10, which is as follows: "You are further instructed that if you find from the evidence that the parties, Cockrell and Campbell, entered into such a contract as herein charged and you further find from the evidence that J. I. Campbell refused to comply with the proposition or contract agreed upon, then you will find for the defendant." Adkins v. Galbraith, 10 Texas Civ. App., 175, 30 S. W., 291.

*Glasgow & Kenan* and *D. A. Holman,* for defendant in error.—Where the broker brings to the principal a purchaser able, ready and willing to purchase land upon the principal's terms, and no sale is effected, the broker is entitled to his commission, provided the failure resulted from the fault of the principal. Brackenridge v. Claridge, 91 Texas, 527, 44 S. W., 819; Clark v. Wilson, 41 Texas Civ. App., 450, 91 S. W., 627; Pierce v. Nichols, 110 S. W., 206.

But the fault of the principal is where the broker complies with his contract of employment and the owner "refuses without sufficient reason" to fulfill the agreement made by such agent with the party who desires to purchase, if such party be able, ready and willing to purchase. DeCordova v. Bahn, 73 Texas, 643, 12 S. W., 845; O'Brian v. Gilliland, 4 Texas Civ. App., 40; Pryor v. Jolly, 91 Texas, 86, 40 S. W., 959.

And where he is entitled to commissions "if the deal pending be made" and the failure to consummate the sale is not due to the fault of the principal, he is not entitled to commissions. Owen v. Kuhn, Loeb & Co., 72 S. W., 442, affirmed in 97 Texas, 643. .

There was no sale or exchange; and no actual contract for the ex-

change, but only a conditional negotiation, that never ripened into an actual contract as shown by Campbell's own testimony as to his inability, want of readiness and unwillingness to carry out the agreement as Cockrell understood it. Barr v. Cardiff, 32 Texas Civ. App., 495, 75 S. W., 341; Fraser v. Wyckoff, 63 N. Y., 445; Wylie v. Bank, 61 N. Y., 415; Tombs v. Alexander, 101 Mass., 255; Iselin v. Griffith, 62 Iowa, 668, notes, 93 Am. Dec., p. 176; Pratt v. Hotchkiss, 10 Ill. App., 603; Hamlin v. Schulte, 31 Minn., 486; Gottschalk v. Jennings, 1 La. Ann., 5; 45 Am. Dec., 70.

Until appellant shall have proved such "contract as herein charged— mutually understood by the parties at the time"—when Cockrell could "enforce specific performance of the contract" plaintiff's "right to commissions does not accrue." O'Brian v. Gilliland, 4 Texas Civ. App., 44; English v. Realty Co., 117 S. W., 998; Seebold v. Bethlehem Iron Co., 34 Am. Rep., 144.

Campbell's refusal left Cockrell remediless, as the agreement could not be specifically enforced and he could get no benefit from Lanham's efforts, even if he was the procuring cause of the alleged agreement. Dodge v. Tileston, 12 Pick., 328; 93 Am. Dec., 177; 1 Pars. Cont., p. 4489 (5th ed.).

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

Lanham sued Cockrell for a broker's commission claimed to be due for producing a purchaser for certain property consisting of a large body of land belonging to the latter. Through Lanham's efforts it appears that negotiations were entered upon between Cockrell and one Campbell for the exchange by Cockrell of his property listed with Lanham for certain property owned by Campbell. They agreed, verbally, it seems, to effect an exchange. While this is true, there is a marked issue in the proof whether any common agreement whatever was reached between them as to the terms of the exchange. Campbell's property was incumbered for $20,000; Cockrell's for a less amount. According to Cockrell, the verbal agreement was that Campbell should pay him $12,000, in cash, as representing the difference between the amounts of the incumbrance upon their respective properties. According to Campbell, the agreement was that he should secure Cockrell for that amount by a lien upon the latter's property he was to obtain in the trade. Upon meeting the following day to conclude the agreement by a formal written contract, this difference of understanding, according to Cockrell, prevented its consummation in written form, which was necessary to bind either of them. Campbell did not have $12,000, in cash, to pay Cockrell, as the latter stated was the verbal agreement. Campbell testified that he was willing to conclude the trade according to his version of its terms, but it is not claimed that he was at any time willing to conclude it upon Cockrell's understanding of them. According to Cockrell, Campbell, at the meeting had for the purpose of closing it by written contract, refused to make the trade upon the terms as understood by Cockrell. It was never consummated.

The plaintiff was entitled to his commission only in the event he provided a purchaser who was willing, ready and able to effect such an exchange as was satisfactory to Cockrell. The court so charged the jury, with the explanation that an actual exchange of the properties was not essential to the plaintiff's right of recovery. This required that the plaintiff establish that a common agreement was reached between Cockrell and the proposed purchaser. If such an agreement was reached, and Campbell was able to perform it, the plaintiff was entitled to his commission. But it can not be contended that he had earned his commission unless such an agreement was arrived it. No agreement could be said to have been arrived at if it did not comprehend the essentials of the trade. This included, necessarily, its terms. Merely an agreement to exchange the properties, without any common understanding as to its terms, and as to which the minds of the parties never met, constituted no agreement at all. Such an agreement could be of no benefit to the seller. He could not, in a case like this, be held liable for commissions to a broker, the extent of whose services was merely the production of a purchaser who was willing to make a trade for his property, but between whom and himself there was never any unanimity as to the terms upon which it was to be effected.

The court substantially instructed the jury that if the minds of Cockrell and Campbell met in an agreement for the exchange of their properties, the plaintiff should recover; otherwise, the verdict should be for the defendant. This was the law of the case. A charge was also given, that if they reached an agreement and Campbell failed to comply with it, there could be no recovery. As applied to the proof, this charge was not erroneous. Cockrell testified, as already noted, that they reached a verbal agreement whereby Campbell was to pay him the $12,000, in cash, but when they came, the next day, to put the agreement in writing,—which was necessary to give it any force, Campbell refused to go on with the trade on those terms. The charge simply presented the question of whether a common understanding was ever reached by the parties, as reflected by one phase of the evidence. If Campbell, pending the very negotiation and before it reached any binding form as intended by both parties, disaffirmed the agreement, he was not a willing purchaser; and unless he was, no commission was owing by the plaintiff.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*