BRITTON v. EAGAN. (No. 8699.)

(Court of Civil Appeals of Texas. Ft. Worth. June 18, 1917.)

1. BROKERS ⟜82(1)—ACTION FOR COMPENSATION—SUFFICIENCY OF PETITION.

Petition, in suit to recover broker's commissions for procuring contract for exchange of lands, *held* good as against a general demurrer, although plaintiff should have been required to allege more fully the terms of the original contract of exchange.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 101.]

2. APPEAL AND ERROR ⟜1039(2)—HARMLESS ERROR—PLEADING.

Failure of a petition, in a broker's action for compensation, to allege fully terms of an alleged contract, did not warrant reversal, where it was probable that no harm resulted to appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4075.]

3. APPEAL AND ERROR ⟜1041(5)—HARMLESS ERROR—SUPPLEMENTAL PLEADING.

The alleging of matter in a supplemental petition which properly should have been alleged in an amended petition will not warrant re-

versal, where it was probable that no harm resulted to appellant.

4. BROKERS ⟜86(5)—ACTION FOR COMPENSATION—SUFFICIENCY OF EVIDENCE—ABILITY OF PURCHASER TO PERFORM.

In a broker's action for commissions for procuring contract for exchange of lands, evidence *held* insufficient to show that one of the parties was able to pay the difference in value necessary to carry out the contract, which the other party had refused to go on with.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 117, 120.]

5. BROKERS ⟜52 — COMPENSATION — EXCHANGE OF PROPERTY—NECESSITY OF COMPLETED CONTRACT.

A broker did not earn commissions for procuring an exchange of properties, unless there was a definite, final, and unconditional agreement between the parties upon all terms of the trade.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73.]

6. BROKERS ⟜52 — COMPENSATION — EXCHANGE OF PROPERTY — WITHDRAWAL OF TENTATIVE OFFER.

If one party withdrew a tentative offer, for the exchange of lands, before it was finally accepted by the other party, a broker could recover no commissions for his services in procuring the trade.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73.]

7. BROKERS ⟜82(4)—ACTION FOR COMPENSATION—ISSUES, PROOF, AND VARIANCE.

A variance arose where proof and allegations in petition, in broker's action for commissions in procuring exchange of lands, differed as to amount one party to the proposed trade was to pay to the other.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 103.]

8. BROKERS ⟜52 — COMPENSATION — EXCHANGE OF PROPERTY.

If a contract entered into, for a proposed exchange of lands, could be specifically enforced, a broker could recover for his services in bringing about the execution of the contract, which would in effect have been a sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73.]

Appeal from Wise County Court; J. W. Walker, Judge.

Suit by J. J. Eagan against A. D. Britton and another. Judgment for plaintiff against defendant named, and in favor of defendant W. T. Moore, and defendant named appeals. Reversed and remanded.

R. E. Carswell, of Decatur, and J. M. Blankenship, of Wichita Falls, for appellant. Ratliff & Spencer, of Decatur, for appellee.

DUNKLIN, J. J. J. Eagan instituted this suit against W. T. Moore and A. D. Britton to recover a broker's commission from each of the defendants which plaintiff claimed to be due him for his services as such broker. Upon the trial a judgment was rendered in favor of the defendant Moore upon motion of the plaintiff, but in plaintiff's favor against Britton, who has prosecuted this appeal.

According to allegations in the plaintiff's petition, he was employed by each of the defendants to effect an exchange between them

of property they owned, respectively, and each of the defendants agreed to pay him for such services a commission of 2½ per cent. of the valuation placed by the owner upon his property. Britton owned 347 acres of land in Archer county, which he valued at $35 an acre, and against which there was an outstanding incumbrance of approximately $3,-000. Moore owned 120 acres of land situated in Wise county, Tex., which he valued at $95 per acre, and against which there was an incumbrance of something over $7,000. Plaintiff alleged that through his efforts negotiations were begun between the two owners for an exchange of their respective properties with each other, which resulted in an agreement of exchange between them, which was definite and specific and fully understood; such agreement being that each owner was to convey his property to the other, the grantee in each deed to assume the outstanding incumbrance against the property so conveyed to him, and Moore was to pay to Britton in addition the sum of $1,755.50 in cash as the difference in the values of the two properties. It was further alleged that after such alleged agreement for exchange was reached, Moore was ready, willing, and able to consummate the exchange, but that the defendant Britton without legal cause or excuse refused to consummate the trade. Plaintiff alleged that by reason of those facts he had earned his commission, notwithstanding the fact that the proposed exchange was never in fact made.

[1-3] We are of the opinion that the petition was good as against a general demurrer, but that the trial court should have required plaintiff to allege more fully the terms of the alleged contract of exchange, as contended by appellant in a special exception to the petition; and that the matter set up in the supplemental petition more properly should have been alleged in an amended petition. Those errors, however, would not of themselves require a reversal of the judgment in view of the fact that it does not seem that the same resulted in any probable harm to the appellant.

[4] We are of the opinion, however, that the evidence was insufficient to sustain the finding of the jury that Moore was able to pay the difference in the values of the two properties, which payment was necessary to effect the exchange according to the allegations in plaintiff's petition. The evidence shows conclusively that such difference in values was at least $4,500, and probably more. Plaintiff introduced Moore as a witness, who testified that he did not have the money on hand with which to make such payment, but that he expected to raise the same by placing an additional incumbrance upon the 347 acres of land which he expected to get from Britton in the exchange. He further testified that that was the only source from which he could have raised the money, if it was possible to raise it in that manner. He

did not testify that he had ever applied to any one for such a loan, and hence, as a matter of course, could not tell whether or not he could have secured such additional loan upon the land, if he had made the effort. Neither did plaintiff offer the testimony of any one who was in the habit of making loans of that character that such an additional loan upon Britton's land could have been procured. While Moore did testify that he valued Britton's land at $35 per acre, that the incumbrance he was to assume against it was only $3,000, that loan companies usually loan about 50 per cent. of the value of the land, and that he had never failed to get a loan whenever he desired one, and thought he could, by placing a second lien upon Britton's land, have secured the necessary amount to make the trade, we do not believe that such evidence was sufficient to support the finding of the jury that he could have done so. At best it was a mere guess or surmise on his part. If there were loan companies in business that could and would have advanced the additional amount on Britton's land, their testimony should have been produced. While Moore and Britton both valued Britton's land at $35 per acre in the exchange, it does not necessarily follow that loan companies would have placed the same valuation. Nor does it necessarily follow that loan companies would have been willing in any event to take a second lien upon the land. Appellee calls attention to the fact that Moore further testified that he owned four mules worth about $600, and a horse worth about $100, and seven or eight head of cows, all of which were unincumbered, and insists, in effect, that those were assets which the jury had a right to consider in determining Moore's ability to raise the amount necessary to make the exchange. But according to Moore's testimony he did not intend to borrow any money upon those animals, and, furthermore, there is no testimony whatever as to what amount he could have borrowed by mortgaging them. He further testified that he was already indebted in the sum of $400 over and above what he owed on his land. Moore admitted that the difference it would have been necessary for him to pay in order to make an exchange was about $4,500, and the record suggests that it was probably more than that. But adding that sum to the $3,000 incumbrance against Britton's land already would make $7,500, while 50 per cent. of the value of the 347 acres owned by Britton at the rate of $35 per acre would have been only $6,072. According to those figures, even though Moore had found a loan company willing to increase the incumbrance against the land to the extent of 50 per cent. of the valuation at $35 per acre, he could not have borrowed more than $3,072, thus showing that he would have lacked $1,428 of the amount necessary to make the exchange.

Construing Moore's testimony most favor-

ably to the plaintiff, we do not think it authorized the finding by the jury that he was able to make the exchange upon the terms negotiated by the plaintiff, and for that reason the judgment is reversed and the cause remanded. Lanham v. Cockrell, 194 S. W. 936.

Other assignments to the manner and form ·in which the special issues were submitted to the jury will not be discussed in view of the fact that probably the criticisms made will be avoided upon another trial. We ·deem it proper to suggest further that it seems to us somewhat doubtful that the evidence, viewed in a light most favorable to the plaintiff, showed that the minds of the parties ever finally met upon the terms of a trade. It seems from Moore's own testimony that at the time when it is claimed that there was a full agreement upon the terms of the trade, the agreement on the part of Moore was subject to an inspection of Britton's land by his son and son-in-law, and that while such inspection was being made and before Moore finally and unconditionally agreed to accept the land, the offer theretofore made by Britton was withdrawn by him. And in this connection it is to be noted further that according to Moore's testimony he told Britton that the incumbrance against his land was only $6,800, while it was proven beyond controversy that the same amounted to $7,000, and probably more.

[5, 6] It cannot be questioned that, at all events, plaintiff did not earn any commission, unless there was a definite, final, and unconditional agreement between the parties upon all the terms of the trade; and that if Britton withdrew any tentative offer before the same was finally accepted by Moore, no commission was earned. In this respect the suit differs from one in which a commission is claimed for the services of a broker in finding a purchaser ready, willing, and able to buy property for a price already fixed by the owner, and for which the broker is authorized to sell. However, the question last mentioned is suggested only in view of another trial of the case, and we do not wish to be understood as fully determining it in view of the fact that it was not raised by any assignment of error.

[7, 8] Another question that has occurred to us, but which has not been raised, arises from the fact that there is a variance between the proof and the allegations in plaintiff's petition with respect to the difference which plaintiff alleged Moore was to pay to Britton in the proposed exchange of properties; the allegation ·in the petition being that Moore was to pay only $1,755.50 in cash, while the proof shows that he was to pay at least $4,500. We deem it proper to say, further, that if the parties had entered into a written contract of exchange which could have been specifically enforced, then the

broker would have earned his commission because such a contract would ·have been, in effect, a sale. Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847; Seidel v. Walker, 173 S. W. 1170. But in the absence of such a contract, authorities along that line which are urged by the appellee have no application.

For the reasons noted, the judgment is reversed, and the cause remanded.