## BURK v. ESTES.  (No. 6399.)*

(Court of Civil Appeals of Texas. Austin. Dec. 14, 1921. Rehearing Denied Jan. 11, 1922.)

**1. Brokers ⊜67(2)—May represent both parties with their consent.**

A real estate broker may represent both parties, and recover his commissions when earned, if they are aware that he is representing both, and acquiesce in or consent to his doing so.

**2. Brokers ⊜74—Where representing both parties may recover both commissions from defaulting party.**

A broker who represents both parties with their knowledge and consent may recover both commissions from the defaulting party.

**3. Brokers ⊜58—Not entitled to commissions on theory of enforceable contract between parties, where there has been oral modification of land contract.**

A broker is not entitled to commissions on the theory of having brought the parties together in an enforceable contract for conveyance of land, a material modification in the original written agreement having been introduced by agreement of the parties, without being reduced to writing, as required by the statute of frauds.

**4. Brokers ⊜54—To be entitled to commission on theory of bringing a customer, he must be shown able, as well as ready and willing.**

Brokers, to be entitled to commissions on the theory merely of having brought a customer, must show, not only that he was ready and willing, but that he was able.

**5. Brokers ⊜86(5)—Customer for exchange not shown able by showing tender of abstract.**

Brokers' customer for an exchange of lands with defendant, the conveying of a good title, subject to enumerated incumbrances, being contemplated, is not shown able, so as to entitle the brokers to commission, by merely showing the tendering of an abstract to defendant, and his refusal to accept.

Error from District Court, Tom Green County; C. E. Dubois, Judge.

Action by D. J. Burk against G. B. Estes. Judgment for defendant, and plaintiff brings error. Affirmed.

Blanks, Collins & Jackson, of San Angelo, for plaintiff in error.

Anderson & Upton, of San Angelo, for defendant in error.

### Findings of Fact.

BRADY, J. For convenience, D. J. Burk, the plaintiff in error, will be referred to in this opinion as the plaintiff, and G. B. Estes, the defendant in error, as the defendant.

Plaintiff, a real estate broker, sued defendant for a commission for effecting an exchange of lands between defendant and one Davis. He claimed a commission from defendant on the value of his equity, under an alleged contract to that effect, and also a commission on the value of the equity of Davis in his property because defendant wrongfully refused to carry out the trade, and caused the loss of the latter commission.

The only testimony given on the trial was that of plaintiff himself, and the introduction of the written contract which it was claimed was made between the parties. At the conclusion of the plaintiff's testimony, the court sustained defendant's motion for judgment; there being no jury. The judgment recites that the testimony was found by the court to be true, but that it was insufficient to warrant a judgment for plaintiff.

The following material facts are deducible from plaintiff's testimony:

That Estes and Davis both listed real estate with him for sale or exchange; that he brought them together; that after considerable negotiations they entered into a written contract comprising every essential requisite of a purchase and sale agreement, including the privilege of inspection of the Amarillo properties by Estes; that Estes, after returning home from his inspection trip and some further negotiations with Davis, finally authorized him to make the exchange with Davis in accordance with the terms outlined in the original contract, provided he would trade his equities on an even basis; that Burk communicated such proposition to Davis, who accepted the same; that thereafter Burk considered the trade closed, procured Davis' abstract, and submitted the same to Estes for examination; and that Estes refused to consummate the trade or to pay the plaintiff his commissions.

It is also insisted by plaintiff that we should find that Davis was ready, willing, and able at all times to perform his part of the contract. This finding we can make only in part, the evidence authorizing the

conclusion that Davis was ready and willing to perform the contract, and to exchange his equity for that of defendant, but it was not shown that he was able to do so. The change in the original contract, effected by defendant's new proposition to exchange equities on an even basis, was material, and was never reduced to writing. This change added a new term to the contract, to the extent of relieving defendant from the execution and payment of $4,000 in vendor's lien notes against the property he was to receive in exchange.

## Opinion.

[1] It is insisted by defendant that the judgment should be affirmed because in no event could plaintiff recover, since the undisputed facts show that he represented both parties in the exchange of their lands, and that such a relation is against sound public policy. We cannot sustain this proposition under the facts of the case. It is doubtless the rule generally that a real estate broker may not legally represent both parties to a trade, but this rule itself is subject to the qualification that the parties must be ignorant of the dual representation. If, in fact, they are aware that he is representing both, and they acquiesce in or consent to his doing so, no sound reason is perceived why he may not act for both parties, or as a middleman between them, and recover his commissions when earned. Leake v. Scaief, 140 S. W. 814; Hunter v. Lyons, 144 S. W. 353; Inman v. Brown, 147 S. W. 652; Hill v. Patton, 160 S. W. 1155.

[2] It also seems that a broker may recover, not only the commission contracted to be paid by the defaulting party, but also the commission which he would otherwise have received from the opposite party, if both principals knew of the double representation. Hunter v. Lyons, supra.

From an inspection of the pleadings and the argument of plaintiff's counsel, it appears that plaintiff predicated his right to recover upon two theories: (a) That he had brought the parties together in an enforceable contract, capable of specific performance, and that defendant wrongfully refused to consummate the trade; (b) that whether the contract was an enforceable one or not, he should recover because he was the efficient and procuring cause of finding a purchaser for defendant's lands, ready, able, and willing to exchange on terms mutually satisfactory.

[3] As to the first of these conditions, we think it is clear that plaintiff could not recover under his own testimony. The contract was not enforceable through specific performance because a material change and modification in the original written agreement had been introduced by agreement of the parties, and was never reduced to writing; therefore, under the statute of frauds,

the contract could not be enforced; it being one for the conveyance of land. Moss v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847; Britton v. Eagan, 196 S. W. 972; Lanham v. Cockrell, 108 Tex. 403, 194 S. W. 936; Dodge v. Lacey, 216 S. W. 400; Armstrong v. Payne, 233 S. W. 139; La Prelle v. Brown, 220 S. W. 151.

[4, 5] Upon the second condition which it is claimed entitled plaintiff to judgment, we hold that, notwithstanding no binding contract existed, plaintiff might still be entitled to his commissions, if he brought a purchaser who was willing and able to buy or exchange the property, but was prevented through the fault of defendant. Hamburger v. Thomas, 103 Tex. 285, 126 S. W. 561; Lanham v. Cockrell, supra. But was it shown that plaintiff found such a purchaser? That Davis was ready and willing to consummate the exchange is fairly inferable from the testimony, but it was not shown that he was able to do so. The contract between the parties, if one was made, constituted an exchange of equities in lands, and clearly contemplated that each party had a good title to his property, and would convey a good title. If the title of Davis was not good, then he was not able to perform his contract. The only evidence tending to show this essential element in plaintiff's case was the testimony of plaintiff that, after he had brought the parties into agreement upon the final terms, he tendered to defendant abstracts of title to the Davis property, but that defendant refused to accept them, and said he was not ready to close. What the abstracts contained, or whether they purported to show any title whatsoever in Davis, was not shown, nor attempted to be shown. This may have been through oversight, or because plaintiff was unable to show good title in Davis. Probably it was not the former reason, because the statement of facts fairly reveals that plaintiff was interrogated as to the existence of certain incumbrances on the Davis property, which were not disclosed in the written contract between the parties, and apparently not known to defendant. There incumbrances were indicated to be a deed of trust against the property for $10,000, and a materialman's lien in excess of $300. We do not mean to find that the evidence shows there were any such incumbrances existing, but plaintiff's attention was directed to these suggested liens while on the stand, and we must presume the questions were asked in good faith. They were matters materially affecting the title, and plaintiff admitted that if Mr. Davis could not furnish good title defendant was not bound to accept. But whatever the reason may have been, plaintiff did not undertake to show that Davis had a good title, or that the abstracts tendered purported to show title in him. The

testimony, in regard to the offer to deliver abstracts to defendant and his refusal to accept, was wholly insufficient to afford any presumption that the abstracts so tendered showed or tended to show a good title. At most, this testimony would serve to show a compliance by Davis with his obligation to furnish abstracts within the time prescribed in the contract, and of his willingness to perform the contract. Even if the written contract had been specifically enforceable, Davis would not have been entitled to receive a conveyance of defendant's land in exchange for his own without showing that he had a good title, or without tendering abstracts purporting to show such title. Certainly plaintiff, for the purpose of claiming a commission, could occupy no better position, for this right depended as much on the ability of his purchaser to perform as upon his readiness and willingness to do so. The burden of proof was upon the plaintiff to prove his allegations and to establish, prima facie at least, that Davis had good title. Having failed to do so, we hold that he made no case, and that judgment was properly rendered for defendant.

All assignments are overruled, and the judgment will be affirmed,

Affirmed.

---

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error dismissed for want of jurisdiction March 8, 1922.