## FIRST NAT. BANK OF HOUSTON v. CARDINELL.

### No. 7601.

Court of Civil Appeals of Texas. Austin.
July 1, 1931.

Rehearing Denied in Part and in Part Granted July 25, 1931.

Second Amended Motion for Rehearing Denied Sept. 23, 1931.

Boyles, Brown & Scott, and Frank G. Dyer, all of Houston, for appellant.

Fogle, Eastham & Eastham, of Houston, for appellee.

BLAIR, J.

Appellee sued appellant for a broker's commission, alleging as follows: "That * * * defendant * * * agreed and promised to pay to plaintiff three per cent (3%) of the sale price of a certain tract of land in Brazoria County, then owned by defendant in consideration that plaintiff should give to defendant the name of a purchaser thereof; that plaintiff, in consideration of said promise, did give to defendant the name of a prospective purchaser, C. D. Wheeler, who resided in Harris County, Texas; that thereafter defendant sold and conveyed to the said Wheeler fourteen hundred and fifty (1450) acres of said land at the price of Forty Dollars ($40.00) per acre, whereupon defendant became indebted to plaintiff in the sum of Seventeen Hundred and Forty Dollars ($1740.-00) which defendant promised and agreed to pay plaintiff; that though often requested defendant has refused and continues to refuse to pay the same or any part thereof to plaintiff's great damage."

A jury trial on special issues resulted in judgment for appellee as prayed; hence this appeal.

Appellee testified that appellant agreed to pay him a 3 per cent. commission on the sale price if he would furnish the name of a purchaser of certain land owned by appellant in Brazoria county, known as Chenango plantation; it being specifically agreed that appellee was only required to furnish the name of a purchaser with whom appellant would

negotiate and sell the land on terms satisfactory to itself, and that appellee furnished appellant the name of C. D. Wheeler. About eleven months later appellant and Wheeler executed a sale or exchange contract, whereby appellant agreed to convey Wheeler "all that portion of what is known as Chenango Plantation * * * north of the public road," and, if insufficient acreage lay north of the road, then enough "out of the remaining 600 acres south of the road" to make up 1,450 acres. Appellant reserved one thirty-second of the minerals in the 1,450 acres and agreed to convey Wheeler one thirty-second of the minerals in the remaining 600 acres. In exchange Wheeler agreed to convey appellant his one-half undivided interest in 231.21 acres of land in Harris county, appellant to assume one-half of the $80,664 indebtedness against the land. Deeds were executed consummating this sale or exchange contract. The evidence showed that Wheeler was not financially able to purchase the entire Chenango plantation, although he desired to do so.

Appellant objected to the introduction in evidence of the sale or exchange contract upon the grounds that it was at variance with and failed to show performance of the contract of employment alleged as the basis of appellee's suit. Appellant here contends that, since appellee alleged a specific contract of employment to give the name of a purchaser of the tract of land in its entirety, and since the contract introduced in evidence showed he furnished the name of one who purchased only a part of the land, he failed to show performance of the thing he agreed to do, and was therefore not entitled to recover his commission.

■ It has been generally held that, where a real estate broker is employed to procure a purchaser, or, as applied to the facts in this case, to give or furnish the name of a purchaser of a tract of land in its entirety for an agreed commission, and he procures or furnishes the name of one who purchases only a part of the land, he is not entitled to recover his commission, not having performed his contract of employment, but he can only recover under proper pleadings and proof on a quantum meruit; the measure of recovery being the value of his services. Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Lanham v. Cockrell, 108 Tex. 403, 194 S. W. 936; 7 Tex. Jur. 447, § 56, cases cited in Note 8; Shinn v. Boyd, 34 Tex. Civ. App. 151, 77 S. W. 1027; Cone v. Keil, 18 Cal. App. 675, 124 P. 548; Wilson v. Rafter, 188 Mo. App. 356, 174 S. W. 137; Burgher & Co. v. Canter (Tex. Civ. App.) 190 S. W. 1147; Bentley v. Edwards, 125 Minn. 179, 146 N. W. 347, 51 L. R. A. (N. S.) 254, Ann. Cas. 1915C, page 882, holding that the general rule seems to be that, where the contract of a real estate broker is entire and indivisible, no recovery of commission can be had on a sale of part of the land. This rule is predicated upon the reasoning that the broker must establish that the person whose name he presented was ready, able, and willing to buy the entire tract of land upon terms called for by the contract of employment, or satisfactory to the owner; otherwise the contract is not shown to have been performed on the part of the broker, and no commission is due him. Appellee alleged and proved that appellant agreed to pay him a 3 per cent. commission on the sale price of Chenango plantation, if he would furnish the name of a purchaser thereof, and that he furnished the name of C. D. Wheeler, to whom appellant sold or traded on terms satisfactory to it a part only of the plantation; Wheeler not being able financially to purchase or trade for the entire plantation. It is therefore clear from the facts plead and proved that the parties contemplated a sale of Chenango plantation in its entirety for the agreed 3 per cent. commission on the sale price, and, since the contract of employment was entire and indivisible, appellee failed to show performance of it by giving or furnishing the name of one who purchased or traded for only a part of Chenango plantation.

■ Nor do we sustain appellee's contention in this connection that the sale or trade of 1,450 acres of the 2,050 acres constituted a substantial compliance or performance of his employment contract. The jury found that the value of the property traded by Wheeler for the 1,450 acres was $58,000. Other evidence in the record showed that appellant valued the entire Chenango plantation at $100,000. Thus a probable value of $42,000 is shown for the 600 acres and mineral rights remaining in appellant. It is thus shown that almost one-third of the acreage and nearly one-half the potential value of the land remained in appellant, which manifestly refutes any claim of substantial performance of the employment contract to furnish the name of a purchaser for the entire plantation or land.

Appellee cites in this connection the cases of Graves v. Bains, 78 Tex. 92, 14 S. W. 256; Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Moore v. Johnson Land Co. (Tex. Civ. App.) 143 S. W. 941, 942; Webb v. Harding (Tex. Com. App.) 211 S. W. 927, and contends that they are authority for the proposition that, where a real estate broker is employed to give or furnish the name of a purchaser of a tract of land in its entirety for an agreed commission, a percentage of the sale price, he is entitled to his commission under the contract where he furnishes the name of one who purchases or trades for a part only of the land on terms satisfactory to the owner. This proposition states the rule as regards alteration of price or terms by the owner too broadly. These cases and others of similar purport are analyzed by the authority, 7 Texas Jurisprudence, 482, § 84, as

supporting the following rule: "The broker is none the less the procuring cause of the transaction, where the purchaser has been found by his efforts and through his instrumentality, although the terms are other than those on which the property was listed with the broker, the alteration of the terms having been voluntary on the part of the principal. This rule applies regardless of whether the price and terms are less or more favorable to the owner than those quoted to the broker."

Manifestly an application of this rule to the instant case defeats appellee's claim, because the alleged alteration by appellant owner of the terms of the contract to sell or trade less than the entire Chenango plantation on terms satisfactory to itself was not a voluntary action on the part of appellant owner; but, under the undisputed evidence, was due to the fact that the purchaser whose name appellee furnished was unable financially to purchase the entire plantation. Another distinction is that each of the cases relied upon by appellee merely holds that, where the broker finds and introduces a purchaser who after negotiations with the owner agrees to pay and the owner agrees to accept a lesser amount than the broker was authorized to sell the land for, the broker has earned his commission under his contract. Nor are the cases holding that the inclusion or taking out of a small amount of land does not affect the broker's right to recover his commission on his contract of employment authority here. These cases simply hold that a substantial performance of the employment contract will suffice; but, as applied to this case, where there was not a substantial performance of the employment contract, the cases are not authority.

Appellee neither alleged nor proved, nor was the case submitted to the court and jury for a recovery on a quantum meruit for services rendered in furnishing a purchaser for a lessor amount than the entire tract of land, and, having failed to prove performance of his alleged contract of employment, appellee is not entitled to his commission. Accordingly, the judgment of the trial court will be reversed, and judgment is here rendered for appellant that appellee take nothing by his suit.

Reversed and rendered.

On Motion for Rehearing by Appellee.

■ Appellee insists on motion for rehearing that, if we adhere to our opinion that the judgment should be reversed, then the cause should be remanded rather than rendered for appellant.

First, it is contended that "it is not evident from the record that the case was fully developed" on this trial. This contention seems to be particularly urged with respect to our determining as a matter of law that appellee had not substantially complied with his contract by giving to appellant the name of one who purchased 1,450 acres and a one-sixteenth of the mineral rights in the remaining 600 acres of the Chenango plantation of 2,050 acres. Appellee alleged that he contracted to furnish the name of one who would purchase the entire Chenango plantation, and that he furnished the name of one who purchased only 1,450 acres of the plantation. Appellant especially excepted to this pleading as showing that appellee had not complied with his contract of employment, which was overruled. Appellee testified that he was to furnish the name of one who would purchase the entire plantation, and that he furnished the name of one who purchased only 1,450 or the 2,050 acres. Appellant moved for an instructed verdict, because this undisputed evidence showed appellee had not complied with his contract as alleged. The motion was overruled. We adhere to our former conclusion that appellee's testimony as a matter of law shows that he had not substantially complied with his contract of employment. The issue of substantial compliance with the contract was not submitted to the jury. If there had been any evidence on the issue, it would be presumed that the trial court found in support of its judgment that the contract had been substantially performed. There is no evidence in the record which would sustain either a verdict of a jury or a finding of a trial court that the contract sued upon had been substantially performed; and we take the view that under the undisputed evidence neither the court nor the jury could have legally found that the sale of 1,450 acres of the 2,050 acres of land was a substantial compliance with appellee's alleged contract to sell the entire 2,050 acres. In other words, there was no fact issue for the court or jury, and the evidence in this regard was fully developed. We therefore, in our discretion as a Court of Civil Appeals, reversed the judgment and rendered judgment for appellant; and in this we are supported by the following authorities cited by appellee in his motion for a rehearing: H. & T. C. R. R. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; Tunnell v. Reeves (Tex. Com. App.) 35 S.W.(2d) 707; 3 Tex. Jur. § 854; Sovereign Camp, W. O. W., v. Patton, 117 Tex. 1, 295 S. W. 913. In this case there was no adverse ruling to appellee which in any manner prevented him from developing his case. He testified that the only transaction he had with appellant was to give it the name of a prospective purchaser, and that he never thereafter knew negotiations were being had or that a part of the land had been some eleven months later sold to the purchaser, until after sale or trade had been fully consummated. The motion for rehearing does not suggest any possible evidence that could be introduced on a new trial, but merely makes the general conclusion that it is not "evident from the record that the case was fully developed."

148

Second, it is contended that "if, as this court held, recovery could have been had only upon the quantum meruit, the court * * * should have remanded the cause for a new trial, since where the cause is tried on the wrong theory, and it does not appear that it was fully developed in the trial court, it is the duty of the court, upon reversing the judgment, to remand the case for a new trial." Such was our holding, but we further held that appellee did not plead for recovery on the quantum meruit. However, we have reached the conclusion that we should not render judgment for appellant, and thereby foreclose appellee on his right of recovery on the quantum meruit, under the rule stated in Camden Fire Ins. Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 844, as follows: "Where, upon reversal of a case, it seems probable that the ends of justice may be better subserved by remanding than by rendering judgment, the former course should be pursued, notwithstanding it is apparent that a full consideration of the case necessitates that the pleadings be amended. Buzard v. Bank, 67 Tex. 83, 2 S. W. 59, 60 Am. Rep. 7; Combes et al. v. Stringer, 106 Tex. 427, 167 S. W. 217; H. & T. C. Ry. Co. v. State, 24 Tex. Civ. App. 117, 56 S. W. 228; K. C., M. & O. Ry. Co. v. Pope [Tex. Civ. App.] 152 S. W. 185; Id. [Tex. Civ. App.] 153 S. W. 163; Ft. Worth & D. C. Ry. Co. v. Copeland [Tex. Civ. App.] 164 S. W. 857."

The rule is again stated by the Commission of Appeals in Associated Oil Company v. Hart, 277 S. W. 1043, 1045, as follows: "It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction." See, also, 3 Tex. Jur. 1231, 1233, § 860, and cases there cited.

We set aside our former judgment reversing and rendering judgment for appellant, and reverse the judgment and remand the cause in accordance with this opinion.

Overruled in part and in part granted.