## COLE v. DENTON.

### No. 1220—5582.

Commission of Appeals of Texas, Section B.

Feb. 4, 1931.

B. N. Richards, of Dalhart, and Floyd A. Cooper, of Amarillo, for plaintiff in error.

Kimbrough & Boyce, of Amarillo, for defendant in error.

LEDDY, J.

This suit involves the right of a real estate broker to a commission for his services in procuring a purchaser for the sale of real estate. For convenience, the parties herein will be designated plaintiff and defendant as in the trial court.

Plaintiff complains of the action of the Court of Civil Appeals [20 S.W.(2d) 361] in holding that the trial court should have sustained defendant's special exception to paragraph 5 of his second amended original petition, upon which the case was tried. The exception was that said paragraph of the petition set up a new cause of action which showed upon its face to be barred by the two years' statute of limitation (Rev. St. 1925, art. 5526). The paragraph of the petition, against

which the special exception was directed, is as follows: "In amplification and enlargement of the foregoing allegations plaintiff represents to the court that the defendant, well knowing that plaintiff was engaged in the business of procuring purchasers for real estate for which he charged and was paid a commission of five per cent on the total sale price (which was the usual and customary price paid and collected for such services in Dalhart and vicinity at the time of the sale in question and for a long time prior thereto), and also well knowing that plaintiff had by diligent effort procured a purchaser for the real estate in question in the person of said R. S. Coon, at a price and on terms satisfactory to defendant, and also well knowing that plaintiff was demanding a commission of five per cent. on the total sale price of such property and had positively refused to accept any less commission, said defendant availed himself of said efforts of the plaintiff and accepted his services in procuring such purchaser, and had plaintiff draw contract of sale between the parties, and completed such sale to said purchaser, thereby agreeing to pay. and acquiescing in plaintiff's demand for, a commission of five per cent. on said total sale price, even though it may appear that said property was not at such time listed for sale with the plaintiff."

An examination of plaintiff's, previous pleadings is necessary in order to determine whether the above paragraph set up a cause of action not embodied in the pleadings filed before the bar of limitation was complete.

In the original petition plaintiff alleged an express listing by defendant of his property for sale and also an alternative plea that, if mistaken in his allegation that defendant agreed to pay him a commission upon the full sale price of the property, there was a general custom and usage in the vicinity, which was generally known and understood, that, upon sale of property listed with a real estate agent, such agent was entitled to collect the commission on the full sale price of the property sold.

On October 10, 1927, plaintiff filed a trial amendment in which he alleged: "That if it be found that the first and original listing of the property involved in this suit, by the defendant with the plaintiff, was cancelled or called off, then plaintiff says that after the same was so cancelled or called off, after the refinancing of said property, the defendant again came into plaintiff's office at different times and listed the same with the plaintiff for sale, on substantially the same terms as it had been previously listed, and sought and asked plaintiff's services in selling the same, and plaintiff says that in said subsequent listings, the defendant impliedly agreed with the plaintiff that if he would find a purchaser to purchase said property, on said terms, or on

terms satisfactory to him, that he would pay to the plaintiff the usual and customary compensation for said services, which plaintiff now alleges is and was 5% on the amount of the sale price of said property, which said custom was well known to and understood by the defendant. And pursuant thereto, the defendant did sell and convey said property to R. S. Coon, this plaintiff's customer, with full knowledge of said agreement and understanding with this plaintiff."

On October 21, 1927, a first amended original petition was filed by plaintiff, which contained the following allegations: "Plaintiff further alleges that he began to seek for a purchaser for said property and did find one, R. S. Coon, whom he interested in purchasing said property, and that plaintiff negotiated between the defendant and the said R. S. Coon and continued his efforts thereto until on or about November 1st, 1925, when this plaintiff called the defendant by telephone at Amarillo, Texas, and informed him that he believed he had a purchaser for his property and requested him to come to Dalhart; that the defendant did come to Dalhart on or about November 1st, 1925, and again discussed with this plaintiff the matter of selling said property for him and did at said time ask the plaintiff if he would sell said property for him for a commission of five (5) per cent. on his equity therein and this plaintiff replied that he would not, but that he would sell the same for a commission of five (5) per cent. on the total sale thereof; and that afterwards, on or about November 3rd, 1925, the defendant again came into plaintiff's office and listed said property with plaintiff for sale on the terms, conditions and certain price hereinbefore set forth and did at said time instruct this plaintiff to prepare sale contract, embodying said price and terms, to R. S. Coon, and that this plaintiff did prepare such contract, which was executed by defendant and the said R. S. Coon and afterwards defendant did convey said property by Warranty Deed to the said R. S. Coon in pursuance of said sale contract, and plaintiff alleges in this connection that the said R. S. Coon was this plaintiff's customer and that this plaintiff was the procuring and efficient cause of said sale."

█ We conclude that the allegations in paragraph 5 of the second amended original petition, against which the exception was leveled as setting up a new cause of action barred by the two years statute of limitation, was but an enlargement of the cause of action set up in general terms in plaintiff's trial amendment and brought forward in paragraph 4 of his first amended original petition. The latter pleading being filed before the expiration of two years after the accrual of the cause of action, it follows that the action of the trial court in overruling the spe-

cial exception was correct and the Court of Civil Appeals was in error in holding to the contrary.

Stripped of circumlocution, the cause of action set up in paragraph 5 of the second amended original petition was that plaintiff had procured a purchaser for defendant's property on satisfactory terms, and defendant with full knowledge that plaintiff was demanding a 5 per cent. commission of the full sale price of the property, availed himself of plaintiff's services and the purchaser procured by him and thereby became legally bound to pay him the usual and customary commission for his services.

Paragraph 4 of the first amended original petition, in addition to declaring upon an express listing, in substance set forth the same cause of action as set forth in paragraph 5 of the second amended original petition, as it is alleged that defendant discussed with plaintiff the matter of selling his property and asked him if he would sell the same for a commission of 5 per cent. on his equity therein and plaintiff informed him that he would not, but that he would sell the same for a commission of 5 per cent. on the total sale price, and it is averred that thereafter defendant came into plaintiff's office and instructed plaintiff to prepare the sale contract, embodying said price and terms, and that same was prepared by him, executed by the purchaser and the deal finally closed. It was also alleged that it was the general custom and usage to pay 5 per cent. on the full sale price, and that such custom was known to the defendant at the time he accepted plaintiff's services in procuring a purchaser for his property.

It is true it was also alleged in paragraph 5 of plaintiff's second amended original petition that there was a listing of the property, but, independent of this allegation, the facts set forth alleged a cause of action based upon the defendant's acceptance of plaintiff's services in procuring a purchaser for the property, with full knowledge that he was expecting to be paid the usual and customary commission.

There was a finding by the jury in answer to special issue No. 1 that at the time of the sale of the defendant's property to R. S. Coon there was a general custom and usage among parties selling real estate for a commission through real estate brokers that the commission should be 5 per cent. on the total sale price, and that the defendant knew of such custom at said time.

In answer to special issue No. 3 the jury found that, at the time the contract with the purchaser for the sale of said property was made by the defendant, he by his acts and conduct led the plaintiff to believe that he

had consented to the payment of a commission of 5 per cent. on the sale price of said property.

The above findings, when considered in connection with the undisputed evidence, sustain the cause of action set forth in paragraph 5 of plaintiff's petition, upon which the case was tried. While the Court of Civil Appeals held the evidence insufficient to sustain a finding either of an express or an implied renewal of a former listing of the property with the plaintiff, there is no such conclusion as to the foregoing findings, which in our opinion justified a recovery by plaintiff upon the theory that defendant availed himself of plaintiff's services in procuring a purchaser for his property with full knowledge that plaintiff was demanding the usual and customary commission for his services. All of the requisites of liability were satisfied under the facts of this case, as there was an acceptance of the broker's services with knowledge that he expected a commission therefor. Ross v. Moskowitz (Tex. Civ. App.) 95 S. W. 86; Marr-Piper Co. v. Bullis (Tex. Com. App.) 1 S.W.(2d) 572; Diebold Lock & Safe Co. v. Shelton (Tex. Civ. App.) 192 S. W. 340; Dockery v. Maple (Tex. Civ. App.) 125 S. W. 631; Tex. Jur., vol. 7, § 25, p. 410.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.