## SAN ANTONIO COTTON MILLS v. DE LATTE.

### No. 8672.

Court of Civil Appeals of Texas. San Antonio.
Nov. 18, 1931.

Hal Browne and David Weintraub, both of San Antonio, for appellant.

Hicks, Dickson, Bobbitt & Lange and Fagan Dixon, all of San Antonio, for appellee.

FLY, C. J.

Appellee sued appellant to recover $375 alleged to be due him for commissions for the sale of cotton seed. The cause was submitted to a jury on special issues, and, on the answers thereto, judgment was rendered in favor of appellee for $375.

In response to the three issues, the jury found that appellant and appellee agreed that the latter should have the exclusive agency for the sale of cotton seed in certain counties, that appellant agreed to pay appellee a commission on each car of cotton seed sold by him in those counties, and that appellee was the procuring cause of the sale of a carload of cotton sold to Lambert-Ely-Arnold Gin Company, of Snyder, the commission on which amounted to $375. It appeared that there were 1,500 bushels of seed in the car, for the sale of which appellant had promised to pay appellee twenty-five cents on each bushel. The testimony sustained the verdict.

The first and fourth propositions are overruled. The cause, under the evidence, was a case for the decision of the jury. It would have been error to have instructed a verdict for appellant. There was evidence tending to show that appellee was the procuring cause of the sale of the carload of cotton seed. He swore to facts that clearly showed that he sold the seed. There was no sufficient evidence to controvert the testimony of appellee. The testimony of Ely, to whose firm the seed were sold, as to appellee being the procuring cause of the sale, was a mere conclusion and was properly excluded.

The second and third propositions are overruled. Testimony as to contracts with other agents was not pertinent as to the terms of the employment of appellee, and the court properly excluded such testimony. The only issue was: Did appellee have exclusive authority to sell in the counties designated? Dubose, manager and secretary-treasurer of appellant, admitted that he knew that appellee was working to sell the seed to the company which afterward bought them.

The judgment is affirmed.