## BENGE v. CROSSLEY et al.
### No. 7737.

Court of Civil Appeals of Texas. Austin.
Oct. 5, 1932.

798

Whipple & Redford, of San Antonio, for appellant.

N. T. Stubbs, of Johnson City, for appellees.

BLAIR, J.

Appellees, E. C. Crossley and Arthur Galbreath. sued appellant, Mrs. Lura D. Benge, for a broker's commission in connection with the exchange of ranch properties between appellant and Edwin G. Glass; and at the conclusion of the evidence obtained an instructed verdict and judgment for $2,334.38; hence this appeal.

Appellant contends that the evidence raised jury questions (a) as to whether appellees were the sole procuring cause of the exchange of the properties as alleged by them; and (b) as to whether appellees were employed as agents of appellant in the exchange of the properties, or were mere volunteers as to her.

There was no jury question involved as to whether appellees were the sole procuring cause of the exchange of the properties, because that issue was not material or pertinent to the terms of the alleged implied contract of employment relied upon by appellees for a recovery of the commission. In substance they alleged that the Glass ranch was listed with them for sale or trade, and further alleged that since appellant, while the transaction or trade was still executory, accepted the services of appellees and the benefits thereof with full knowledge that they were real estate brokers, claiming to represent both parties to the trade, and would expect and demand a certain commission from appellant if the trade was made, elected to go on with the trade, she thereby impliedly employed appellees as her agents, and was precluded from thereafter questioning the right of appellees to their commission. The legality of this theory of recovery is not questioned by appellant; but she contends that a jury question was presented by the evidence as to whether she made the trade knowing that appellees were claiming to represent both parties, and would expect and demand a certain commission if the trade was concluded under the terms agreed upon between her and Glass, or whether appellees were merely volunteers as to her.

■ Appellees testified in effect that appellant did close the trade with full knowledge that they were claiming to represent both parties, and would expect and demand a certain commission if the trade was made. On the other hand, appellant's testimony, as well as that of her son, was to the effect that appellant claimed she was being represented by another agent, and that while appellant knew appellees were claiming to represent both parties and claiming a commission before the trade was closed, she specifically repudiated the claim, and told appellees that she would not close the trade upon the terms agreed to between her and Glass if they expected or would demand a commission from her; and that she closed the trade believing and understanding that appellees would not expect or demand a commission from her; and that she would not have made the trade but for the understanding before the trade was made that she was not to pay appellees any commission. This evidence presented a sharp conflict as to whether appellant closed the trade knowing that appellees were still claiming to represent her and would expect and demand a commission from her; or conversely, as to whether appellant closed the trade upon the terms agreed to, believing and understanding that appellees would not expect or demand a commission from her; and the question or issue was therefore for the jury.

■ The contention in this connection, that appellees were mere volunteers as concerned appellant, is not material under the theory of reasoning relied upon by appellees. The rule as to volunteered services is stated in 7 Tex. Jur. 410, as follows: "In the case of volunteered services, all the preliminary requisites of liability are satisfied if there be acceptance of the broker's services with knowledge that he is a broker and expects a commission for his services if accepted."

To the same effect is the holding in Cole v. Denton (Tex. Com. App.) 34 S.W.(2d) 1091, and Stevens v. Karr, 119 Tex. 479, 33 S.W.(2d) 725, wherein the Commission of Appeals affirmed the judgment of this court, 297 S. W. 287. See, also, Harris v. Phillips (Tex. Civ. App.) 280 S. W. 895.

This was the rule or theory of recovery relied upon by appellees. The trial court instructed a verdict upon the belief that the evidence established all prerequisites of liability under the rule. We hold the evidence raised a jury question as to some of the preliminary requisites of liability as above pointed out.

■ Certain testimony to the effect that appellant had listed her land with other agents for sale or trade, and that these agents first told her about the Glass ranch and told her sons to go see it, was excluded. Appellant contends that this testimony was wrongfully excluded because pertinent to the issue of whether appellees were the sole procuring cause of the trade. We hold, as above stated, that no such issue was in the case, and the exclusion of evidence on the issue was

not error. The question of whether appellees were the sole procuring cause of the trade is not involved in or pertinent to the terms of the alleged implied contract of employment relied upon by appellees for a recovery of the commission, nor to the issue of whether appellant closed the trade knowing that appellees were still claiming to represent her and would expect and demand a commission from her. San Antonio Cotton Mills v. De Latte (Tex. Civ. App.) 43 S.W.(2d) 486.

The cause is reversed and remanded.

Reversed and remanded.