**BECKMAN v. HOHENBERGER.**

No. 9978.

Court of Civil Appeals of Texas. San Antonio.

March 17, 1937.

Rehearing Denied April 28, 1937.

530

T. M. West, Nat L. Hardy, D. A. Mc-Askill, and C. S. Arnold, all of San Antonio, for appellant.

Terrell, Davis, Hall & Clemens, A. V. Knight, and J. C. Hall, all of San Antonio, for appellee.

SLATTON, Justice.

H. R. Hohenberger sued Henry J. Beckman and others for a commission as a broker in the consummation of lease of a rock quarry, by Henry J. Beckman et al. to R. N. and J. H. McDonough, claiming on an express, and in the alternative on an implied contract against Henry J. Beckman et al., as well as R. N. and J. H. McDonough.

There was a trial to a jury, and, on instructions from the court and the answers of the jury, judgment was entered in favor of H. R. Hohenberger against Henry J. Beckman.

Hohenberger failed to have judgment against Nina Beckman, Mary S. Beckman, R. N. McDonough, and J. H. McDonough, to which judgment he prosecuted no appeal. Henry J. Beckman alone prosecutes this appeal.

It may be said that the record shows without dispute that the McDonough brothers desired to lease a limestone quarry in the vicinity of San Antonio, and that J. H. McDonough, in company with a Mr. McLeod, approached appellee, a real estate agent in San Antonio, requesting him to assist them in locating a quarry. These gentlemen were shown the quarry in question, and appellee ascertained from the county records of Bexar county that the quarry was owned by Henry J., Mary S., and Nina Beckman. Appellee immediately communicated with appellant, Henry J. Beckman, inquiring if the quarry was for sale, and stated that in the event of a sale the purchase price would include 5 per cent. selling charge to him. In response to this inquiry, appellant called on appellee, in San Antonio, and discussed the matter. Appellee thereafter wrote appellant that his parties would make a long-term lease and would pay a royalty of 4 or 5 cents a ton, and that his commission would be 1½ cents per ton. In response to this, appellant replied that he wanted a contract submitted to him; that he would not take less than 4 cents per ton, and would expect a large contract. Appellee was furnished with a copy of a proposed lease contract by the McDonoughs, as lessees, and containing their names as such, which he submitted to appellant, at Austin, writing him that he had secured a lease at 5 cents per ton, and that his commission would be 1 cent per ton for negotiating the deal.

Thereafter, appellant came to San Antonio to see appellee, and advised him that certain changes in the proposed lease were desired, and further that he desired to consult a Mr. Pickton, who had theretofore had a lease on the quarry and owned a considerable amount of personal property situated thereon. Appellee wrote the McDonoughs, at Houston, Tex., to get in touch with Mr. Pickton and appellant. Subsequently, said parties met in Houston and agreed on a lease for a royalty of 10 cents per ton; that is, 5 cents per ton payable to the Beckmans, as owners of the fee, and 5 cents payable to Mr. Pickton, as owner of the personal property required to operate the lease. It appears that all parties had notice that appellee was claiming a commission of 1 cent per ton.

The trial court, in special issue No. 2 submitted the following question to the jury, to wit: "Do you find from a preponderance of the evidence that the defendant, Henry J. Beckman, entered into the lease of May 31, 1934, with knowledge that the plaintiff, H. R. Hohenberger was claiming a commission from said Henry J. Beckman for such services as plaintiff had rendered in the negotiations?" To which the jury answered, "Yes."

And by special issue No. 5: "What do you find from a preponderance of the evidence to be the reasonable value of the services rendered by plaintiff in the negotiations leading to the execution of the lease of May 31, 1934?" The jury answered: "One Half Cent per Ton."

Appellant's first complaint is of the judgment against him for the entire amount of the commission, on the theory that he only owns an undivided interest in and to the quarry, and for that reason judgment should not have been rendered against him for all of such commission.

We think, on the authority of Clark v. Goldberg (Tex.Civ.App.) 3 S.W.(2d) 920, this complaint is without merit.

The second proposition urged by appellant, in effect, complains of the refusal by the trial court to submit to the jury the question of whether or not the services of appellee were performed at the special instance and request of the Mc-Donoughs. We think it is a sufficient answer to all of such propositions to say that it would make no difference in law as to who requested the services of appellee, so long as the appellant accepted his lease contract and fully consummated the same, with the knowledge on his part that the appellee was claiming a commission from him.

The appellant's theory in the trial court was not that the appellee had not rendered a service, and that he did not receive the benefit of such service, but only that he did not contract to pay for any such service. While it is true, and the jury so found, that appellant did not make a specific contract with appellee, nevertheless, the jury did find sufficient facts which in law, together with the undisputed facts shown in the record, imply a promise on the part of appellant to pay the reasonable value of the services appellee rendered, and of which appellant received the full benefit.

We think this case is ruled by Cole v. Denton (Tex.Com.App.) 34 S.W.(2d) 1091, and authorities there cited. The truth of it is that in a letter dated March 14, 1934, appellant stated to appellee that he wanted a contract submitted to him, and that he would require at least 4 cents per ton. In the contract finally consummated, the appellant and his joint owners received 5 cents per ton.

The record further shows, without dispute, that the procuring cause of the consummation of this contract was the appellee in this case, and therefore all requisites of liability upon the undisputed facts of this case, together with those determined by the jury, have been fully satisfied under the authorities above cited.

By subsequent propositions, appellant complains of the failure of the court to give certain specially requested charges, and that the charge given by the court was erroneous; all of which have been considered and, for the reason that the same are without merit, are hereby overruled.

We think the trial court submitted well the controversial issues, and that the appellant had a fair and impartial trial in all respects. It follows that the judgment of the trial court should be in all things affirmed.